UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARMANNA BELLOW,<br><br>        Plaintiff,<br>v.<br><br>BANK OF AMERICA,<br><br>        Defendant. | Case No. 2:22-cv-01518-APG-BNW<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>[ECF No. 6] |

   Plaintiff Armanna Bellow filed a two-page complaint in state court alleging that he lost his identification and bank card, he placed a "block" on his bank account, yet money is still being taken from his account. ECF No. 1-1. Defendant Bank of America (BofA) removed the case to this federal court and now moves to dismiss it. ECF No. 6. BofA argues that Bellow's complaint lacks sufficient facts and explanations of the legal bases of the claims for BofA to be able to answer it. Bellow responded to the motion by filing a "Notice," which I will treat as an opposition to the motion, adding some dates about the lost card and attaching 43 pages of bank statements. ECF No. 9. But Bellow's opposition does not rebut BofA's argument that the complaint lacks sufficient information for BofA to properly respond to it.

   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the complaint should be "short and plain," it also must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, it should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id*. at 678 (simplified).

Bellow's complaint fails to meet this standard. It alleges simply that Bellow told BofA to block his account, someone is still withdrawing from it, and BofA cannot explain why. ECF No. 1-1. This is too vague to plausibly allege that BofA is liable and for what. The complaint fails to identify when and how he requested that BofA block his account, how many transactions were unauthorized, and how much money has been improperly taken. And while Bellow attached bank statements to his opposition, he does not say which transactions were authorized and which were not. More importantly, the complaint itself must assert the facts and bases for liability, so adding detail in an opposition to the motion does not cure the defects in the complaint.

BofA argues that Bellow "fails to identify a specific person who is allegedly taking his funds . . . ." ECF No. 11 at 3. Bellow may not know who is allegedly stealing from his account, so that is not fatal to his complaint. I agree with BofA, however, that Bellow needs to identify the specific transactions (and their dates) that he alleges were unauthorized. He should be able to do that by reviewing his bank statements. That type of specificity will allow BofA to investigate and properly respond to Bellow's complaint. Bellow also needs to say what legal basis or cause of action he is relying on for the relief he seeks. For instance, does he contend BofA had a contractual or other duty to not allow funds to be withdrawn from the account?

I will grant the motion to dismiss.  But because Bellow may be able to assert claims against BofA, I will allow him to file an amended complaint if he can cure the defects pointed out in this order.  The amended complaint must be filed by April 28, 2023.  Otherwise, I will close this case.

I THEREFORE ORDER that the defendant's motion to dismiss **(ECF No. 6) is GRANTED**.  The complaint is dismissed without prejudice.

I FURTHER ORDER that the plaintiff may file an amended complaint, curing the defects pointed out in this order, by April 28, 2023.  If he fails to do so, I will close this case.

DATED THIS 29th day of March, 2023.

_____
UNITED STATES DISTRICT JUDGE